UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RITA D. TAYLOR,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:22-CV-00596-RDP |
| **JANET YELLEN,** *et. al*, | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on a joint Motion to Dismiss and Motion for Summary Judgment filed by City of Huntsville Defendants Mayor Tommy Battle, Trey Riley, Kirk Giles, Richard S. Flannery, and Officer Cody Downs (together, "City Defendants") (Docs. # 12, 13). This case arises from the arrest and detainment of Plaintiff Rita D. Taylor on December 6, 2019. (*See* Doc. # 1, Doc. #1-1). When liberally construed, the portions of the Complaint relevant to the City Defendants present claims under 42 U.S.C. § 1983 based upon (a) the illegal search and seizure of Ms. Taylor's workspace and person, (b) the subsequent arrest of Plaintiff, and (c) the detention of Plaintiff from 1:37 P.M. on December 6, 2019, until around 12:00 A.M. the following morning. (Doc. #1 at 8).

After review, the court concludes that Plaintiff has failed to comply with Federal Rule of Civil Procedure 8. Among other deficiencies, Plaintiff has not presented each of her claims in a separate cause of action. Usually, the court permits a plaintiff a chance to amend her Complaint before dismissal of an action. However, here, Defendants have identified impediments to relief that are readily apparent from the Complaint and that cannot be remedied in an amended complaint. Accordingly, for the reasons explained below, Defendants' Motion to Dismiss (Doc. # 12) is due

to be granted. Further, because the issues discussed below concern the timeliness of this entire action, this memorandum opinion and accompanying order apply as to **all** defendants.

I.      **Background**

In her Complaint, Plaintiff alleges that agents for the State of Alabama (specifically including Richard S. Flannery and Cody Downs) violated Plaintiff's civil and constitutional rights "after her position ended while she was detained." (Doc. # 1 at 9). It appears that on December 6, 2019, Plaintiff Rita Taylor was locked out of the building where she worked for the Internal Revenue Service ("IRS") upon returning from her lunch break. (*Id*. at 22). After she made her way inside, her former employers called the police. (*Id*.). When law enforcement arrived, Plaintiff was arrested.[1] (*Id*.) On December 9, Plaintiff filed a police report against her former employers, alleging that they had stolen her property.[2] (*Id.* at 21-22). On February 20, 2020, Plaintiff agreed to release all claims against the City of Huntsville and its agents in exchange for the dismissal of the criminal charges against her.[3]

II.     **Standard of Review**

   *A.     Motion to Dismiss Standard*

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards,

---

[1] The complaint alleges that "they" called police. As best as the court can determine, she is referring to her employers.

[2] Presumably, Plaintiff is referring to property she had in the workplace. (*Id*. at 21-22).

[3] Plaintiff was charged with obstructing government operations and resisting arrest.

nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Moreover, the court must liberally construe Plaintiff's Complaint because she submitted the complaint pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As appropriate, the court may consider documents attached to a complaint when ruling upon a Rule 12(b)(6) motion. *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that

well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570. A statute of limitations defense is an affirmative defense, and a plaintiff is not obligated to negate a timeliness defense in his or her complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred." *Baker v. Sanford*, 484 F. App'x 291, 292 (11th Cir. 2012).

### B. *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and – by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file – designate specific facts showing that there is a genuine issue for trial. *Id*. at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Anderson"). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id*. at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on her allegations made in the complaint; instead, as the party bearing the burden of proof at trial, she must come forward with at least some evidence to support each element essential to her case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

**III.    Analysis**

In the interest of clarity, the court elects to treat the claims targeted in section II(a) of Defendants' brief as the subject of a Motion to Dismiss and the claims targeted in section II(b) of the brief as the subject of a Motion for Summary Judgment. In Section II(a), Defendants argue that any § 1983 claims are barred by the statute of limitations. (Doc. # 15 at 9-10). The court agrees

and concludes that Plaintiff cannot resurrect her untimely claims in an amended complaint. In Section II(b), Defendants contend that Plaintiff is not entitled to relief because she has released all her claims against the City of Huntsville Defendants through her execution of a valid release-dismissal agreement. The court finds that the record is insufficient to rule on that aspect of Defendants' Rule 56 motion; however, in any event, addressing the parties' arguments on that question is unnecessary because the claims are due to be dismissed for an alternative reason: without question, they are untimely.

In 1989, the Supreme Court decided *Owens v. Okure*, holding that the appropriate statute of limitations for a § 1983 claim is equal to the residual statute of limitations of the state in which the claim is brought. 488 U.S. 235, 245-48 (1989). In Alabama, the residual statute of limitations is two years. *Williams v. Alabama*, 2010 WL 11519539 (N.D. Ala. 2010) (citing Ala. Code § 6-2-38(l) (1988 Supp.)); *Jones v. Preuit & Mauldin*, 876 F.2d 1480 (11th Cir. 1989). The statute of limitations begins to run "at the time the claimant becomes detained pursuant to the legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Further, a claim is due to be dismissed as frivolous if it is brought after the expiration of the statute of limitations *even if* the plaintiff plausibly states a claim in compliance with Fed. R. Civ. P. 8. *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990).

Here, Plaintiff's claims are doubtlessly time barred. Even viewing the allegations in the complaint in the light most favorable to her, Plaintiff waited more than the two-year maximum time period to file in Alabama. *Watts*, 495 F.3d at 1295. Beginning from the latest conceivable date on which the two-year statute of limitations might begin running -- the day that Plaintiff signed the claim release form (Doc. # 14-1) -- Plaintiff would have been required to bring her § 1983

claims on or before February 20, 2022.[4] Instead, she did not file her complaint until May 9, 2022. Under any reading of her well-pleaded allegations, this case's timeline, and/or the relevant case law, Plaintiff's claims are barred by the statute of limitations. As a result, her claims are due to be dismissed.[5] A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 8, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] While the statute of limitations likely began running sometime closer to Plaintiff's December 6, 2019 arrest, the court notes that the claim would be time barred regardless of where along the case's timeline the statute of limitations began to run.

[5] Additionally, in Plaintiff's response to City Defendants' Motion to Dismiss, it is unclear whether she is referencing a state-law defamation claim. (Doc. # 25 at 1). If so, and even if such a claim were asserted, there is a substantial question as to whether this claim is similarly time barred, as all claims alleging defamation must be brought within two years of the allegedly defamatory conduct (*Hollander v. Nichols*, 19 So.3d 184, 194-195 (Ala. 2009) (citing § 6-6-38(k) Ala. Code (1975); *Tonsmeire v. Tonsmeire*, 285 Ala. 454, 458, 233 So.2d 465, 467 (1970)). And, even if this claim were not time barred, the court would nevertheless decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), having dismissed Plaintiff's underlying § 1983 claims.